IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-30002 |
| | ) | |
| TERRANCE WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Motion to Amend Bond Order (d/e 13). Under 28 U.S.C. § 636(b)(1)(A), the Court designated Magistrate Judge Byron G. Cudmore to hear and determine pretrial matters of detention. After a hearing, Judge Cudmore ordered that Defendant Terrance Watkins be held without bond pending further proceedings and issued an Order of Detention (d/e 6) on December 30, 2008. On February 27, 2009, Defendant filed his Motion asking the Court to amend the Order of Detention under 18 U.S.C. § 3145(b). The Court has reviewed the audio recording of the hearing, the Motion, and evidence submitted with the Motion. For the reasons stated below, the Court

declines to amend the Order of Detention and denies Defendant's Motion.

A district judge has broad discretion to amend an Order of Detention issued by a magistrate judge.  <u>Wood v. United States</u>, 391 F.2d 981, 984 (D.C. Cir. 1968) (per curiam).  Here, however, the Court concludes that Judge Cudmore considered the appropriate factors and reached the correct conclusion.  The statute governing criminal pretrial detention, 18 U.S.C. § 3142, requires courts to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of other individuals and the community.  In the case of a defendant charged with a violation of the Controlled Substances Act involving a maximum term of imprisonment of 10 years or more, however, if the court finds probable cause to believe that the defendant committed this crime, it must evaluate the defendant's situation under a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3).

Here, Defendant is charged with knowingly and intentionally possessing 50 grams or more of cocaine base with intent to distribute, in violation of the Controlled Substances Act.  21 U.S.C. §§ 841(a)(1) &

(b)(1)(A). If Defendant is convicted, he faces a mandatory life sentence because he has two or more prior felony drug convictions. Even without these convictions, he would be facing a sentence of 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). Moreover, Judge Cudmore concluded that the evidence against Defendant is significant, "perhaps overwhelming," and thus found probable cause to believe that Defendant committed the crime. Order of Detention, at 2. Defendant has not objected to this conclusion. Finding both a qualifying charge and probable cause, Judge Cudmore was required to apply the rebuttable presumption that no conditions could ensure Defendant's appearance and the safety of the community. He did, and held that Defendant failed to rebut that presumption.

Specifically, Judge Cudmore found that Defendant presented a flight risk because: (1) he had no ties to Central Illinois; (2) during the stop involved in this arrest, Defendant ran from law enforcement (indeed, he also had prior arrests and possible convictions for fleeing police and escape);[1] and (3) he faced a life sentence. Defendant has presented no evidence to

---

[1] At the detention hearing, the Government noted that the ultimate disposition of these arrests was not clear.

dispute those findings. He argues that he has strong ties to Illinois, but not to Central Illinois particularly.[2] Moreover, even if he were entrenched in this community, his previous attempts to escape authorities and his motivation to avoid a life sentence are powerful evidence of a flight risk. Judge Cudmore also concluded that Defendant's continued drug usage, involvement in drug culture, and substantial criminal history -- including convictions for possession of a stolen firearm and aggravated battery -- suggested that he presented a danger to the community. Defendant has not disputed this finding, and the Court finds it reasonable. Thus, the Court finds no basis for amending the Order of Detention.

THEREFORE, Defendant's Motion to Amend Bond Order (d/e 13) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  April 1, 2009

       FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE

---

[2] Defendant states that if allowed to remain free pending trial, he will live with his mother in Harvey, Illinois, a town in Northern Illinois.