IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-CR-30002 |
| ) | |
| TERRANCE WATKINS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Terrance Watkins' pro se Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 54, 57). Because Defendant was sentenced to the statutory mandatory minimum, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motions to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) are DISMISSED for lack of subject-matter jurisdiction.

I.  BACKGROUND

In January 2010, Defendant pleaded guilty to knowingly and intentionally possessing 50 grams or more of cocaine base (crack) with intent to distribute.  21 U.S.C. § 842(a)(1), (b)(1)(A).  At Defendant's May 2010 sentencing hearing, the district court held Defendant accountable for 57 grams of crack.  This resulted in a base offense level of 30.  After a three-level adjustment for acceptance of responsibility, Defendant's final offense level was 27.  With a criminal history of VI, Defendant's guideline range was 130 to 162 months.  However, due to his prior drug felony conviction, Defendant was subject to a statutorily required minimum sentence of 20 years.  21 U.S.C. § 842(b)(1)(A) (2006).  Therefore, Defendant's guideline range became 240 months.  See United States Sentencing Guidelines (U.S.S.G.) § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  The Court sentenced Defendant to 240 months' imprisonment.

On January 9, 2012, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 48).  Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On January 25, 2012, Federal Public Defender Jonathan E. Hawley moved to withdraw as counsel for Defendant (d/e 49).  Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because Defendant was sentenced to the statutory mandatory minimum sentence of 240 months' imprisonment.  On January 26, 2012, this Court granted Hawley leave to withdraw and granted Defendant until March 7, 2012 to supplement his motion or file a new motion for a reduced sentence. Defendant did not subsequently supplement his motion.  On March 20, 2012, this Court concluded that because Defendant was sentenced to the statutory mandatory minimum he was not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2).  Therefore, the Court dismissed

Defendant's Motion for Reduction of Sentence for lack of subject-matter jurisdiction.

On March 15, 2013, Defendant filed a second Motion for Reduction of Sentence (d/e 54). The Court appointed the Office of the Federal Public Defender to represent Defendant. On April 24, 2013, the Office of the Federal Public Defender moved to withdraw as Defendant's attorney because the arguments made by Defendant were the same this Court had already rejected in its March 2012 Order. This Court granted the motion to withdraw. On May 22, 2013, Defendant filed another document titled "Motion to Reduce Sentence Pursuant [to] 18 U.S.C. § 1352(c)(2)." See d/e 57

## II.  ANALYSIS

In 2012, Congress passed the Fair Sentencing Act of 2010, which amended 21 U.S.C. § 841(b)(1) by, among other things, raising the amounts of crack mandating a minimum prison sentence. See Pub. L. No. 111-120, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). As is relevant to Defendant, for sentencing of individuals previously convicted of a drug

felony, the Act raised the amount of crack that triggers the mandatory 240 month minimum from 50 grams to 280 grams. See 21 U.S.C. § 841(b) (providing for a 20 year minimum "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final"). However, the Seventh Circuit has held that the Act does not apply retroactively. United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2011). Therefore, the amendment contained in the Act does not entitle Defendant to a reduction in his sentence.

The Act ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011) (quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374). The Sentencing Commission amended the sentencing guidelines by reducing the base offense levels for specific quantities of crack cocaine. See Amendment 750. For example, under the Guidelines under which Defendant was sentenced, Defendant's base offense level for 57 grams of crack was 30. See U.S.S.G § 2D1.1(c)(5) (2009) (drug quantity table indicating that more than 50 grams and less

than 150 grams of crack results in a base offense level of 30).  Under the amended Guidelines, Defendant's base offense level for 57 grams of crack would be 26.  See U.S.S.G § 2D1.1(c)(7) (2011) (drug quantity table indicating that more than 28 grams and less than 112 grams results in a base offense level of 26); see also DePierre v. United States, 131 S. Ct. 2225, 2229 (2011) (noting that under the Guidelines, "the offense levels for drug crimes are tied to the drug type and quantity involved").  Defendant, however, is not eligible to benefit from this reduction because he was sentenced to the statutory mandatory minimum sentence.

Congress has granted courts "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003).  Section 3582 of the United States Code limits a court's discretion to modify a previously imposed term of imprisonment to those situations where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If the defendant fails to satisfy

the first criterion under § 3582, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In this case, Defendant's sentencing range was not subsequently lowered by the Sentencing Commission.  At sentencing, Defendant's guideline range was 130-162 months.  However, because Defendant was subject to the statutory mandatory minimum sentence of 240 months, that term, 240 months, became his sentencing range.  See e.g., U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  The Sentencing Commission did not subsequently lower that particularized sentencing range.  Further, although the Act amended the statutory mandatory minimum sentences, the Act does not apply retroactively. Bell, 624 F.3d at 814-15.

This result is consistent with Seventh Circuit precedent and the Sentencing Guidelines. See United States v. Poole, 550 F.3d 676, 678 (7th Cir. 2008) (finding the defendant was not entitled to a sentence

reduction under § 3582(c)(2) because the defendant's sentence was based on the statutory minimum sentence and not on the range the Commission subsequently lowered through Amendment 706 pertaining to crack cocaine sentences)); see United States v. Monroe, 580 F.3d 552, 559-60 (7th Cir. 2009) ("The 'starting point' for Mr. Monroe's sentence was the statutory, mandatory minimum sentence; that minimum sentence was not reduced or otherwise affected by Amendment 706, which impacted only Mr. Monroe's base offense level, not his 'sentencing range.'"); U.S.S.G. § 1B1.10 cmt. n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"); see also, e.g., Martin v. United States, 2011 WL 5507423, at *17 (E.D.N.Y. 2011) (finding that the defendant was not eligible for a reduction in sentence under § 3582(c)(2) because his sentencing range was based on the statutory mandatory minimum).

Defendant's most recent filings do not provide any basis for departing from the Court's March 2012 Opinion.  Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a reduction under 3582(c)(2).  This Court lacks subject-matter jurisdiction to consider the request.  Forman, 553 F.3d at 588.

### III.  CONCLUSION

For the reasons stated, Defendants Motions for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 54, 57) are DISMISSED for lack of subject-matter jurisdiction.

ENTERED: June 3, 2013

FOR THE COURT:

                                              s/ Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                              UNITED STATES DISTRICT JUDGE